## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ZAFTR INC. n/k/a SVELLA FINANCIAL CORP.**<br>2500, 500 4 Avenue Southwest,<br>Calgary, Alberta, Canada<br><br>Plaintiff,<br><br>v.<br><br>**KEVIN JAMESON LAWRENCE, ESQUIRE**<br>2023 N. 2nd St., Suite 301<br>Harrisburg, PA 17102<br><br>**BVFR & ASSOCIATES, LLC**<br>2023 N. 2nd St., Suite 301<br>Harrisburg, PA 17102<br><br>**JOHN KIRK, ESQUIRE**<br>225 Wilmington-West Chester Pike<br>Suite 200<br>Chadds Ford, PA 19317<br><br>**KIRK LAW PLLC**<br>225 Wilmington-West Chester Pike<br>Suite 200<br>Chadds Ford, PA 19317<br><br>Defendants. | **CIVIL ACTION No. 2:21-cv-02177-WB** |

---

**ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES OF
DEFENDANTS JOHN KIRK, ESQUIRE AND KIRK LAW PLLC**

Defendants John Kirk, Esquire ("Kirk") and Kirk Law PLLC ("Kirk Law") (collectively, "Kirk Defendants" or "Answering Defendants"), by and through their undersigned counsel, hereby answer Plaintiff's Complaint as follows:

1

## INTRODUCTION

1-3.    Denied.  It is admitted only that the Kirk Defendants acted and served as "Mandate Counsel" to Defendant BVFR & Associates LLC ("BVFR") in order to facilitate the sale of bitcoin ("BTC") to Plaintiff from a third-party seller.  At no point did the Kirk Defendants agree to deliver BTC to Plaintiff.  On the contrary, as Mandate Counsel, the Kirk Defendants' limited role consisted of providing legal representation to BVFR in the transaction to, among other things, ensure that BVFR received any fees owed to it under the governing contracts and to send the third-party seller of BTC funds only as specified in the governing contracts.  Except as so stated, to the extent the allegations set forth in these paragraphs constitute conclusions of law or are directed to other named defendants, no response is required. By way of further answer, Answering Defendants specifically deny any and all allegations of fraud, negligence, or that the Kirk Defendants breached their duties under the governing contracts. The allegations in these paragraphs are also generally denied.

## PARTIES

4.    Admitted upon information and belief.

5.    Denied.  To the extent the allegations set forth in this paragraph constitute conclusions of law and are directed to other named defendants, no response is required.

6.    Denied.  To the extent the allegations set forth in this paragraph constitute conclusions of law and are directed to other named defendants, no response is required.

7.    Admitted.

8.    Admitted.

## JURISDICTION AND VENUE

9.    Denied.  The allegations set forth in this paragraph constitute conclusions of law to which no response is required.  By way of further answer, pursuant to the Court's Order dated October

19, 2021, Count VIII of Plaintiff's Complaint setting forth alleged violations of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962) was dismissed.

10.    Denied.  The allegations set forth in this paragraph constitute conclusions of law to which no response is required.

11.    Denied.  The allegations set forth in this paragraph constitute conclusions of law to which no response is required.  By way of further answer, Answering Defendants specifically deny any and all allegations of fraud, negligence, or that the Kirk Defendants breached their duties under the governing contracts.  The allegations in this paragraph is also generally denied.

12.    Denied.  The allegations set forth in this paragraph constitute conclusions of law to which no response is required.

## FACTUAL ALLEGATIONS

### I.    The Sale and Purchase Agreement

13.    Denied as stated.  To the extent the averments in this paragraph reference contracts that are attached as exhibits to Plaintiff's Complaint, said contracts are documents that speak for themselves and any interpretation thereof is expressly denied.  By way of further answer, to the allegations set forth in this paragraph constitute conclusions of law, no response is required.

14.    Denied as stated.  It is admitted only that the deal under the Purchase Agreement was structured and presented to Zaftr by Lawrence.  Except as so stated, Answering Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the averments made, and therefore, demand proof of same at trial.

15-21.  Denied as stated.  To the extent the averments in these paragraphs reference contracts that are attached as exhibits to Plaintiff's Complaint, said contracts are documents that speak for themselves and any interpretation thereof is expressly denied.  By way of further answer, to the allegations set forth in these paragraphs constitute conclusions of law, no response is required.

22.     Admitted upon information and belief.

23.     Denied in part and admitted in part.  It is admitted only that, upon information and belief, Zaftr was not provided with contact details for BBT, other than through Lawrence and BVFR. Except as so stated, Answering Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the averments made, and therefore, demand proof of same at trial.

**II.     <u>The First Attempted Transaction for Bitcoin in August 2020</u>**

24.     Admitted upon information and belief.

25.     Denied as stated.  To the extent the averments in this paragraph reference contracts that are attached as exhibits to Plaintiff's Complaint, said contracts are documents that speak for themselves and any interpretation thereof is expressly denied.  Except as so stated, it is admitted that Kirk confirmed receipt of the funds Zaftr sent to Kirk Law in the amount $2,254,514.00.

26.     Denied.  Answering Defendants specifically deny that they explained that the failure to provide Bitcoin was purportedly the result of a timing issue with another party in a separate transaction.  Except as so stated, to the extent the allegations set forth in this paragraph constitute conclusions of law and are directed to other named defendants, no response is required.  The allegations in this paragraph are also generally denied.

27.     Denied as stated.  It is admitted only that, upon information and belief, on September 1, 2020, BVFR and Lawrence advised Zaftr that BBT would complete the agreed upon transaction if a different procedure were utilized.  Except as so stated, Answering Defendants expressly deny that they proposed the "new procedure" for the sale of BTC involving the Malaysian law firm Sabarudin, Othman & Ho.  Rather, the "new procedure" was proposed solely by BVFR and Defendant Kevin Jameson Lawrence ("Lawrence") (collectively, "Lawrence Defendants") over Answering Defendants' objections.

4

28.     Denied.  To the extent the allegations set forth in this paragraph constitute conclusions of law and are directed to other named defendants, no response is required.  By way of further answer, Answering Defendants expressly deny that they proposed the "new procedure" for the sale of BTC involving the Malaysian law firm Sabarudin, Othman & Ho.  Rather, the "new procedure" was proposed solely by BVFR and Defendant Kevin Jameson Lawrence ("Lawrence") (collectively, "Lawrence Defendants") over Answering Defendants' objections.

29.     Admitted.

30.     Admitted.

### III.     The Proposed September 2020 Tranche of Bitcoin

31-32.   Denied as stated.  To the extent the averments in these paragraphs reference contracts that are attached as exhibits to Plaintiff's Complaint, said contracts are documents that speak for themselves and any interpretation thereof is expressly denied.  To the allegations set forth in these paragraphs constitute conclusions of law, no response is required.

33.     Admitted.

34-36.   Denied. Answering Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the averments made, and therefore, demand proof of same at trial.

### IV.     The Proposed October 2020 Tranche of Bitcoin

37-39.   Denied.  To the extent the allegations set forth in this paragraph are directed to other named defendants, no response is required.

40.     Denied.  Answering Defendants expressly deny that they advised Plaintiff that using some form of credit line in Mr. Soo Lee's name would ensure that there would be no further delay in waiting for the funds to clear and that BBT would deliver the BTC immediately upon funds arriving at OCBC Singapore.  Rather, Gomes and Lawrence so advised.

41.     Denied.  The allegations set forth in this paragraph constitute conclusions of law to which no response is required.  By way of further answer, to the extent the averments in this paragraph reference contracts that are attached as exhibits to Plaintiff's Complaint, said contracts are documents that speak for themselves and any interpretation thereof is expressly denied.

42.     Denied. Answering Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the averments made, and therefore, demand proof of same at trial.

43.     Admitted.

44.     Denied as stated.  It is admitted only that Kirk wired $3,095,120.70 to the OCBC Bank account from the Chase business bank account of Kirk Law.  Except as so stated, the Lawrence Defendants retained $573,624.30 as their payment for the new transaction, which included $36,687.45 for the 1% Kirk Law fee.

45.     Admitted.

46.     Denied as stated.  It is admitted only that Kirk advised Plaintiff that Chase Bank confirmed that OCBC Bank had received the aforementioned funds.  Except as so stated, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments made, and therefore, demand proof of same at trial.

47-52.  Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments made, and therefore, demand proof of same at trial.

53.     Denied as stated.  Answering Defendants were not involved in any prior transactions involving James Smith where Smith delivered BTC on short notice. It is admitted only that Answering Defendants were made aware of a prior transaction amongst the Lawrence Defendants and Mr. Smith, but Answering Defendants were not directly involved in that transaction.

54-57.   Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments made, and therefore, demand proof of same at trial.

58.   Denied as stated.  It is admitted only that, after Plaintiff's request for the return of funds, Kirk returned the contingent 1% fee, which amounted to $36,687.45.  Except as so stated, to the extent the allegations set forth in this paragraph constitute conclusions of law and are directed to other named defendants, no response is required.

59-64.   Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments made, and therefore, demand proof of same at trial.  To the extent the allegations set forth in these paragraphs constitute conclusions of law, no response is required.

65.   Denied.  To the extent the allegations set forth in this paragraph constitute conclusions of law, no response is required.  By way of further answer, Answering Defendants specifically deny any and all allegations of fraud, negligence, or that the Kirk Defendants breached their duties under the governing contracts.  Answering Defendants also specifically deny that they refused to return Plaintiff's funds, as Kirk returned the contingent 1% fee, which amounted to $36,687.45.  Furthermore, Answering Defendants deny that they were under no duty to provide BTC to Plaintiff under the governing contracts.  The allegations in this paragraph are also generally denied.

66.   Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments made, and therefore, demand proof of same at trial.

67.   Denied.  To the extent the allegations set forth in this paragraph constitute conclusions of law, no response is required.  By way of further answer, Answering Defendants specifically deny any and all allegations of fraud, negligence, or that the Kirk Defendants breached their duties under

the governing contracts.  Answering Defendants also specifically deny that Plaintiff was entitled to a Non-Performance fee as a result of Answering Defendants' alleged failure to perform under the governing contracts. The allegations in this paragraph are also generally denied.

## COUNT I – BREACH OF CONTRACT
### (Purchase Agreement, BVFR Side Letter,
### ID Verification Agreement, and Escrow Agreement)

68.     Answering Defendants incorporate by reference their responses to the foregoing paragraphs as if fully set forth at length herein.

69-73.  Denied as stated.  To the extent the averments in these paragraphs reference contracts that are attached as exhibits to Plaintiff's Complaint, said contracts are documents that speak for themselves and any interpretation thereof is expressly denied.  To the extent the allegations set forth in these paragraphs constitute conclusions of law, no response is required.

74.     Denied.  To the extent the allegations set forth in this paragraph constitute conclusions of law and are directed to other named defendants, no response is required.

75.     Denied as stated.  To the extent the averments in this paragraph reference contracts that are attached as exhibits to Plaintiff's Complaint, said contracts are documents that speak for themselves and any interpretation thereof is expressly denied.

76.     Denied.  To the extent the averments in this paragraph reference contracts that are attached as exhibits to Plaintiff's Complaint, said contracts are documents that speak for themselves and any interpretation thereof is expressly denied.  Except as so stated, the allegations set forth in this paragraph constitute conclusions of law, to which no response is required.

77.     Admitted in part.  It is admitted only that Kirk returned $1,886,977.60 to Zaftr from the failed August Tranche.  Except as so stated, the allegations set forth in this paragraphs constitute conclusions of law to which no response is required.

78.    Denied.  The allegations set forth in this paragraph constitutes conclusions of law to which no response is required.  By way of further answer, Answering Defendants specifically deny any and all allegations of fraud, negligence, or that the Kirk Defendants breached their duties under the governing contracts.  The allegations in these paragraphs are also generally denied.

79-80.  Denied.   The allegations set forth in this paragraph constitutes conclusions of law to which no response is required.  By way of further answer, Answering Defendants specifically deny any and all allegations of fraud, negligence, or that the Kirk Defendants breached their duties under the governing contracts.  Answering Defendants also expressly deny that they had a duty to deliver BTC to Plaintiff under the governing contracts.   Additionally, Answering Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the averments made with regard to the damages and losses allegedly sustained, and therefore, demand proof of same at trial.  The allegations in this paragraph are also generally denied.

81.    Denied.  To the extent the allegations set forth in this paragraph constitute conclusions of law and are directed to other named defendants, no response is required.

82.    Admitted in part.  It is admitted only that Answering Defendants returned all funds to Plaintiff that they were entitled to under the governing contracts.   Answering Defendants also expressly deny that they had a duty to deliver BTC to Plaintiff under the governing contracts.  Except as so stated, the allegations set forth in this paragraph constitute conclusions of law to which no response is required.  By way of further answer, Answering Defendants specifically deny any and all allegations of fraud, negligence, or that the Kirk Defendants breached their duties under the governing contracts.  The allegations in this paragraph are also generally denied.

83.    Denied.  The allegations set forth in this paragraph constitute conclusions of law to which no response is required.

9

84.     Denied.  The allegations set forth in this paragraph constitute conclusions of law to which no response is required.

85.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments made, and therefore, demand proof of same at trial.  Except as so stated, to the extent the allegations set forth in this paragraph constitute conclusions of law, no response is required.

86-87.  Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments made, and therefore, demand proof of same at trial.  Except as so stated, to the extent the allegations set forth in this paragraph constitute conclusions of law, no response is required.  By way of further answer, Answering Defendants specifically deny any and all allegations of fraud, negligence, or that the Kirk Defendants breached their duties under the governing contracts.  Furthermore, Answering Defendants returned all funds to Plaintiff that they were entitled to under the governing contracts.  The allegations in these paragraphs are also generally denied.

WHEREFORE, Answering Defendants demand judgment in their favor and against Plaintiff, dismissing the Complaint with prejudice, awarding costs and expenses, including attorney's fees and for such other relief as this Court deems just, equitable and proper.

## COUNT II – BREACH OF CONTRACT
### (Second Escrow Agreement and Addendum)

88.     Answering Defendants incorporate by reference their responses to the foregoing paragraphs as if fully set forth at length herein.

89-95.  Denied.  To the extent the averments in these paragraphs reference contracts that are attached as exhibits to Plaintiff's Complaint, said contracts are documents that speak for themselves and any interpretation thereof is expressly denied.  Except as so stated, the allegations set forth in these paragraphs constitute conclusions of law, to which no response is required.

96.     Denied.  It is specifically denied that Plaintiff paid $1,683,942.685 to Defendant Kirk. Rather, Plaintiff sent this full amount directly to the Malaysian law firm Sabarudin, Othman & Ho (*see* Plaintiff's admission in Paragraph 79 of the Complaint), and did not send any portion of these funds to Defendant Kirk.   Except as so stated, Except as so stated, the allegations set forth in these paragraphs constitute conclusions of law, to which no response is required.  The allegations in this paragraph are also generally denied.

97.     Denied.  The allegations set forth in this paragraph constitute conclusions of law, to which no response is required.  By way of further answer, Answering Defendants specifically deny any and all allegations of fraud, negligence, or that the Kirk Defendants breached their duties under the governing contracts.  The allegations in this paragraph are also generally denied.

98.     Denied.  To the extent the averments in this paragraph reference contracts that are attached as exhibits to Plaintiff's Complaint, said contracts are documents that speak for themselves and any interpretation thereof is expressly denied.  By way of further answer, Defendant Kirk was not the "Seller's Counsel" referenced in the "Prior Documents."  Except as so stated, the allegations set forth in this paragraph constitute conclusions of law, to which no response is required.

99.     Denied.  The allegations set forth in this paragraph constitute conclusions of law, to which no response is required.  By way of further answer, Answering Defendants specifically deny any and all allegations of fraud, negligence, or that the Kirk Defendants breached their duties under the governing contracts.  Additionally, after Plaintiff's request for the return of funds, Kirk returned the contingent 1% fee, which amounted to $36,687.45.  Answering Defendants also expressly deny that they had a duty to deliver BTC to Plaintiff under the governing contracts.  The allegations in this paragraph are also generally denied.

100.    Denied. Answering Defendants expressly deny that Plaintiff paid them $1,683,942.68 with respect to the September Tranche Ho (*see* Plaintiff's admission in Paragraph 79 of the Complaint).

Answering Defendants also expressly deny that they had a duty to deliver BTC to Plaintiff under the governing contracts.  Additionally, Answering Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the averments made with regard to the damages and losses allegedly sustained, and therefore, demand proof of same at trial.  To the extent the allegations set forth in these paragraphs constitute conclusions of law, no response is required.  The allegations in these paragraphs are also generally denied.

101-103.  Denied.  The allegations set forth in these paragraphs constitute conclusions of law, to which no response is required.  By way of further answer, Answering Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the averments made with regard to the damages and losses allegedly sustained, and therefore, demand proof of same at trial.  Answering Defendants specifically deny any and all allegations of fraud, negligence, or that the Kirk Defendants breached their duties under the governing contracts.  The allegations in these paragraphs are also generally denied.

104.     Denied. Answering Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the averments made, and therefore, demand proof of same at trial.

105-106. Denied. The allegations set forth in these paragraphs constitute conclusions of law, to which no response is required.  By way of further answer, Answering Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the averments made with regard to the damages and losses allegedly sustained, and therefore, demand proof of same at trial.  Answering Defendants specifically deny any and all allegations of fraud, negligence, or that the Kirk Defendants breached their duties under the governing contracts. Answering Defendants also specifically deny that Plaintiff was entitled to a Non-Performance fee as

a result of Answering Defendants' alleged failure to perform under the governing contracts. The allegations in these paragraphs are also generally denied.

WHEREFORE, Answering Defendants demand judgment in their favor and against Plaintiff, dismissing the Complaint with prejudice, awarding costs and expenses, including attorney's fees and for such other relief as this Court deems just, equitable and proper.

## COUNT III – UNJUST ENRICHMENT

107.    Answering Defendants incorporate by reference their responses to the foregoing paragraphs as if fully set forth at length herein.

108-114. Denied. The allegations set forth in these paragraphs constitute conclusions of law, to which no response is required. Answering Defendants specifically deny any and all allegations of fraud, negligence, or that the Kirk Defendants breached their duties under the governing contracts. The allegations in these paragraphs are also generally denied.

WHEREFORE, Answering Defendants demand judgment in their favor and against Plaintiff, dismissing the Complaint with prejudice, awarding costs and expenses, including attorney's fees and for such other relief as this Court deems just, equitable and proper.

## COUNT IV – CONVERSION

115.    Answering Defendants incorporate by reference their responses to the foregoing paragraphs as if fully set forth at length herein.

116-120. Denied. The allegations set forth in these paragraphs constitute conclusions of law, to which no response is required. By way of further answer, Answering Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the averments made with regard to the damages and losses allegedly sustained, and therefore, demand proof of same at trial. Answering Defendants specifically deny any and all allegations of fraud,

negligence, or that the Kirk Defendants breached their duties under the governing contracts.  The allegations in these paragraphs are also generally denied.

## COUNT V – FRAUDULENT MISREPRESENTATION / FRAUDULENT OMISSION

121.    Answering Defendants incorporate by reference their responses to the foregoing paragraphs as if fully set forth at length herein.

122-128.  Denied.  To the extent the allegations set forth in these paragraphs constitute conclusions of law and are directed to other named defendants, no response is required.  By way of further answer, Answering Defendants specifically deny any and all allegations of fraud, negligence, or that the Kirk Defendants breached their duties under the governing contracts.  The allegations in these paragraphs are also generally denied.

129-131.  Denied.  To the extent the allegations set forth in these paragraphs constitute conclusions of law, no response is required.  By way of further answer, Answering Defendants specifically deny any and all allegations of fraud, negligence, or that the Kirk Defendants breached their duties under the governing contracts.  The allegations in these paragraphs are also generally denied.

132-137. Denied. The allegations set forth in these paragraphs constitute conclusions of law, to which no response is required.  By way of further answer, Answering Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the averments made with regard to the damages and losses allegedly sustained, and therefore, demand proof of same at trial.  Answering Defendants specifically deny any and all allegations of fraud, negligence, or that the Kirk Defendants breached their duties under the governing contracts.  The allegations in these paragraphs are also generally denied.

WHEREFORE, Answering Defendants demand judgment in their favor and against Plaintiff, dismissing the Complaint with prejudice, awarding costs and expenses, including attorney's fees and for such other relief as this Court deems just, equitable and proper.

## COUNT VI – NEGLIGENT MISREPRESENTATION / NONDISCLOSURE

138.     Answering Defendants incorporate by reference their responses to the foregoing paragraphs as if fully set forth at length herein.

139-145. Denied.  To the extent the allegations set forth in these paragraphs constitute conclusions of law and are directed to other named defendants, no response is required.  By way of further answer, Answering Defendants specifically deny any and all allegations of fraud, negligence, or that the Kirk Defendants breached their duties under the governing contracts.  The allegations in these paragraphs are also generally denied.

146-148. Denied.  To the extent the allegations set forth in these paragraphs constitute conclusions of law, no response is required.  By way of further answer, Answering Defendants specifically deny any and all allegations of fraud, negligence, or that the Kirk Defendants breached their duties under the governing contracts.  The allegations in these paragraphs are also generally denied.

149-154. Denied. The allegations set forth in these paragraphs constitute conclusions of law, to which no response is required.  By way of further answer, Answering Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the averments made with regard to the damages and losses allegedly sustained, and therefore, demand proof of same at trial.  Answering Defendants specifically deny any and all allegations of fraud, negligence, or that the Kirk Defendants breached their duties under the governing contracts.  The allegations in these paragraphs are also generally denied.

WHEREFORE, Answering Defendants demand judgment in their favor and against Plaintiff, dismissing the Complaint with prejudice, awarding costs and expenses, including attorney's fees and for such other relief as this Court deems just, equitable and proper.

## COUNT VII – CIVIL CONSPIRACY

155.     Answering Defendants incorporate by reference their responses to the foregoing paragraphs as if fully set forth at length herein.

156-157. Denied. The allegations set forth in these paragraphs constitute conclusions of law, to which no response is required.  Answering Defendants specifically deny any and all allegations of fraud, negligence, or that the Kirk Defendants breached their duties under the governing contracts. The Kirk Defendants also specifically deny that they conspired to induce Plaintiff to contract for the purchase of BTC without delivering the required BTC.  The allegations in these paragraphs are also generally denied.

158-160. Denied.  To the extent the allegations set forth in these paragraphs constitute conclusions of law and are directed to other named defendants, no response is required.  By way of further answer, Answering Defendants specifically deny any and all allegations of fraud, negligence, or that the Kirk Defendants breached their duties under the governing contracts.  The Kirk Defendants also specifically deny that they conspired to induce Plaintiff to contract for the purchase of BTC without delivering the required BTC.  The allegations in these paragraphs are also generally denied.

161-163. Denied. The allegations set forth in these paragraphs constitute conclusions of law, to which no response is required.  Answering Defendants specifically deny any and all allegations of fraud, negligence, or that the Kirk Defendants breached their duties under the governing contracts. The Kirk Defendants also specifically deny that they conspired to induce Plaintiff to contract for the

purchase of BTC without delivering the required BTC. The allegations in these paragraphs are also generally denied.

WHEREFORE, Answering Defendants demand judgment in their favor and against Plaintiff, dismissing the Complaint with prejudice, awarding costs and expenses, including attorney's fees and for such other relief as this Court deems just, equitable and proper.

## COUNT VIII – RACKETEER INFLUENCED
## AND CORRUPT ORGANIZATIONS ACT (RICO)

164-190. Denied. The allegations set forth in these paragraphs constitute conclusions of law to which no response is required. By way of further answer, pursuant to the Court's Order dated October 19, 2021, Count VIII of Plaintiff's Complaint setting forth violations of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962) was dismissed.

WHEREFORE, Answering Defendants demand judgment in their favor and against Plaintiff, dismissing the Complaint with prejudice, awarding costs and expenses, including attorney's fees and for such other relief as this Court deems just, equitable and proper.

## COUNT IX – DECLARATORY JUDGMENT

191.    Answering Defendants incorporate by reference their responses to the foregoing paragraphs as if fully set forth at length herein.

192-195. Denied as stated. To the extent the averments in these paragraphs reference contracts that are attached as exhibits to Plaintiff's Complaint, said contracts are documents that speak for themselves and any interpretation thereof is expressly denied. Answering Defendants also expressly deny that they had a duty to deliver BTC to Plaintiff under the governing contracts. The allegations in these paragraphs are also generally denied.

196.    Denied as stated. To the extent the averments in this paragraph reference contracts that are attached as exhibits to Plaintiff's Complaint, said contracts are documents that speak for themselves and any interpretation thereof is expressly denied. Answering Defendants also expressly

deny that they had a duty to deliver BTC to Plaintiff under the governing contracts.  Furthermore, Answering Defendants expressly deny that Plaintiff paid them $1,683,942.68 pursuant to the Second Escrow Agreement.  The allegations in this paragraph are also generally denied.

197.    Denied. The allegations set forth in this paragraph constitute conclusions of law, to which no response is required.  Answering Defendants specifically deny any and all allegations of fraud, negligence, or that the Kirk Defendants breached their duties under the governing contracts. The allegations in this paragraph are also generally denied.

198-203. Denied. The allegations set forth in these paragraphs constitute conclusions of law, to which no response is required.  By way of further answer, Answering Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the averments made with regard to the damages and losses allegedly sustained, and therefore, demand proof of same at trial.  Answering Defendants specifically deny any and all allegations of fraud, negligence, or that the Kirk Defendants breached their duties under the governing contracts.  The allegations in these paragraphs are also generally denied.

204-207. Denied. The allegations set forth in these paragraphs constitute conclusions of law, to which no response is required.  Answering Defendants specifically deny any and all allegations of fraud, negligence, or that the Kirk Defendants breached their duties under the governing contracts. The allegations in these paragraphs are also generally denied.

WHEREFORE, Answering Defendants demand judgment in their favor and against Plaintiff, dismissing the Complaint with prejudice, awarding costs and expenses, including attorney's fees and for such other relief as this Court deems just, equitable and proper.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred by the applicable statutes of limitations or statutes of repose.

## THIRD AFFIRMATIVE DEFENSE

If Plaintiff's allegations with respect to injury, loss or damage are true, said allegations being specifically denied by the Kirk Defendants, then the Kirk Defendants aver that any injury, loss or damage was not the result of any liability producing conduct on its part, but rather the result of liability producing conduct of other entities and/or individuals who may or may not be parties to this lawsuit and over whom the Kirk Defendants had no control or right or duty control.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred by the doctrine of payment and release, settlement, and/or waiver.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred by the doctrine of *res judicata*.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are outside the limited scope of representation provided by the Kirk Defendants to the Lawrence Defendants.

### TENTH AFFIRMATIVE DEFENSE

The Kirk Defendants exercised reasonable care in connection with the matters complained of in the Complaint, and they cannot be liable for any negative consequences, the existence of which are denied, that flowed to the Plaintiff as a result of the reasonable exercise of care.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred for failure to join indispensable parties.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has sustained no cognizable damages as a result of the Kirk Defendants' actions.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff caused or contributed to the damages alleged in the Complaint through his own acts and omissions.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred by the doctrine of fraud, illegality and/or unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff engaged in all relevant acts with knowledge and at its own free will.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are or may be barred by the superseding, intervening acts and/or negligence of other parties over whom the Kirk Defendants had no control and for whom the Kirk defendants had no responsibility.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff may have been negligent with respect to the incidents described in the Complaint, and this negligence may serve to bar or limit any recovery of Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of the harm it now complains of.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has sustained no cognizable legal damages as a result of any act and/or omission of the Kirk Defendants, and the Kirk Defendants deny all claims for damages.

## TWENTIETH AFFIRMATIVE DEFENSE

The Kirk Defendants reserve the right to supplement and amend their Answer and Affirmative Defenses, and reserves the right to raise other cross-, counter- and third-party claims as discovery and investigation are ongoing, up to and including the time of trial.

## CROSSCLAIM AGAINST
## CO-DEFENDANTS, KEVIN JAMESON LAWRENCE, ESQUIRE and
## BVFR & ASSOCIATES, LLC

1.      Answering Defendants incorporate by reference their responses to the foregoing paragraphs as if fully set forth at length herein.

2.      Although Answering Defendants expressly deny the allegations contained in Plaintiff's Complaint, should said allegations be proven true at the time of trial, then Co-Defendants, Kevin Jameson Lawrence, Esquire and BVFR & Associates, LLC, may prove solely liable to Answering Defendants, jointly and severally with Answering Defendants and/or liable over to Answering Defendants on the cause of action declared upon by Plaintiff.

3.      To the extent that Plaintiff sustained damages as alleged, the damages were caused by the fraudulent acts and/or negligent acts and/or omissions of Co-Defendants, Kevin Jameson Lawrence, Esquire and BVFR & Associates, LLC. Therefore, any and all liability on the part of Answering Defendants is expressly denied.

4.      Answering Defendants deny that they are in any way liable to Plaintiff. Answering Defendants allege that Co-Defendants, Kevin Jameson Lawrence, Esquire and BVFR & Associates, LLC, are alone liable to the Plaintiff, jointly and severally liable with Answering Defendants and/or

liable over to Answering Defendants on the principles of contribution and/or indemnity for any and all sums awarded to the Plaintiff.

WHEREFORE, Answering Defendants demand judgment in their favor and against Plaintiff, dismissing the Complaint with prejudice, awarding costs and expenses, including attorney's fees and for such other relief as this Court deems just, equitable and proper.

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

Dated: November 9, 2021          */s/ Kristen J. Coleman*
Seth L. Laver, Esq. (PA ID #094518)
Kristen J. Coleman, Esq. (PA ID #321832)
1700 Market Street-Suite 1418
Philadelphia, PA 19103-3907
Telephone: 267-519-6800
slaver@goldbergsegalla.com
kcoleman@goldbergsegalla.com
*Attorneys for Defendants*
*John Kirk, Esquire and Kirk Law PLLC*

### CERTIFICATE OF SERVICE

I, Kristen J. Coleman, Esquire, an attorney for the Defendants John Kirk Esquire and Kirk Law PLLC, hereby state that a true and correct copy of the foregoing Answer to Complaint with Affirmative Defenses and Cross Claim against Co-Defendants, Kevin Jameson Lawrence, Esquire and BVFR & Associates, LLC was filed electronically upon all counsel of record on the date set forth below.

**GOLDBERG SEGALLA LLP**

Dated: November 9, 2021

*/s/ Kristen J. Coleman*
Seth L. Laver, Esq. (PA ID #094518)
Kristen J. Coleman, Esq. (PA ID #321832)
1700 Market Street-Suite 1418
Philadelphia, PA 19103-3907
Telephone: 267-519-6800
*Attorneys for Defendants*
*John Kirk, Esquire and Kirk Law PLLC*