IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZAFTR INC., <br>     **Plaintiff,** <br><br> v. <br><br> KEVIN JAMESON LAWRENCE, BVFR & ASSOCIATES, LLC, JOHN KIRK, AND KIRK LAW PLLC , <br>     **Defendants.** | CIVIL ACTION <br><br><br><br> NO. 21-2177 |

**O R D E R**

  **AND NOW**, this 24th day of August, 2022, upon consideration of Plaintiff Zaftr, Inc.'s *Daubert* Motion to Exclude the Report and Testimony of Gavin P. Lentz, Esq. (ECF No. 37), Defendants John Kirk and Kirk Law PLLC's ("Kirk Defendants") Brief in Opposition thereto (ECF No. 51), and Plaintiff's Reply Brief in further support of its Motion (ECF No. 52), it is **HEREBY ORDERED** that Plaintiff's Motion is **GRANTED**.[i]

                BY THE COURT:

                /s/ Hon. Wendy Beetlestone

                _____
                **WENDY BEETLESTONE, J.**

---

[i] Plaintiff moves pursuant to Federal Rule of Evidence 702 to exclude the report and opinions of Gavin P. Lentz, an attorney and the expert of Defendants John Kirk and Kirk Law PLLC (the "Kirk Defendants"). In his report, Lentz summarizes portions of the record and relies upon this summary to offer what he calls "legal analysis and opinions" and "legal opinions" that the Kirk Defendants "met the applicable standards of care in providing his services as Mandate Counsel as Escrow Agent under these particular circumstances" and that the Kirk Defendants "did not owe any legal duty to Zaftr and did not legally cause any harm to Zaftr." Plaintiff moves to strike Lentz's report and opinions because, *inter alia*, they are impermissible "legal opinions" which "usurp the District Court's pivotal role in explaining the law to the jury." *See* Pl.'s Br. at 12 (citing *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006)). In response, the Kirk Defendants do not deny that Lentz's report consists of legal opinions. Instead, they argue that though Plaintiff does not explicitly raise a claim in its Complaint for legal malpractice, its various claims for breach of contract, unjust enrichment, conversion, civil conspiracy, negligent misrepresentation

and nondisclosure and fraudulent misrepresentation/omission must nonetheless be construed as legal malpractice claims because they are asserted against an attorney and his law firm.  Ergo, the Kirk Defendants reason, Lentz's legal opinions on the duties they owed to Plaintiff, the standard of care against which they were to be adjudged, and the cause of Plaintiff's harm are not only relevant and admissible they are *required* to defeat a legal malpractice claim.  *See, e.g.*, *Schmidt v. Currie*, 217 F. App'x 153, 156 (3d Cir. 2007) ("We have held previously that expert testimony is required in legal malpractice actions.").  This argument fails for several reasons.

The first issue with this argument is that it is at odds with a fundamental axiom of litigation—as defendants, Kirk and his law firm do not have the power to decide what claims Plaintiff asserts against them.  Indeed, Plaintiff repeatedly explains in its briefs that it has *not*: "(i) alleged any attorney-client relationship between Plaintiff and the Kirk Defendants; (ii) asserted any legal malpractice claims against the Kirk Defendants; or (iii) claimed that the Kirk Defendants failed to conduct any due diligence as escrow agents."  As Plaintiff is "the party who brings a suit," it "is master to decide what law [it] will rely upon" and what claims it will assert.  *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913).

The second problem is that though the Kirk Defendants maintain that any claims asserted against them when they were "acting as counsel in the applicable transactions" must be "viewed through that lens" of a legal malpractice claim, they cite no authority in support of this position.  *See* E.D. Pa. L. Civ. R. 7.1(c); *Equip. Fin., LLC v. Hutchison*, 2010 WL 3791481, at *4 (E.D. Pa. Sept. 24, 2010) ("Fully developed legal argument, citation to legal authority, and discussion of the relevant facts aid this Court in performing its duty, and ultimately in serving the ends of justice.  Any brief in opposition or any other memorandum of law that is lacking even a modicum of these elements is woefully insufficient and inexcusable.").  On top of this procedural faux pas, the Kirk Defendants' third issue is that their position does not sound in logic.  It cannot be the case that any and all claims brought against a lawyer or a law firm somehow transform into ones for legal malpractice.  Legal malpractice claims are a subspecies of tort for negligent professional performance, for which a plaintiff must establish: (1) the existence of an attorney-client relationship; (2) the employment of the attorney; (3) the failure of the attorney to exercise ordinary skill and knowledge; and, (4) that such negligence was the proximate cause of damage to the plaintiff.  *See, e.g.*, *Heldring v. Lundy Beldecos & Milby, P.C.*, 151 A.3d 634, 641-42 (Pa. Super. 2016).  An attorney or a law firm can be held liable for each of Plaintiff's claims without having committed legal malpractice.  *See, e.g.*, *Langer v. Capital One Auto Fin.*, 855 F. App'x 828, 832 (3d Cir. 2021) (considering breach of contract claim asserted by contractor against attorney and his law firm); *Styer v. Hugo*, 619 A.2d 347, 350 (Pa. Super. 1993) (considering unjust enrichment claim asserted by client's former attorney against said client's new attorney); *Church Mut. Ins. Co. v. Allied Adjustment Grp.*, 708 F. App'x 64, 68-70 (3d Cir. 2017) (considering claims for civil conspiracy, negligent misrepresentation and fraud against attorneys); *Marshall v. Fenstermacher*, 388 F. Supp.2d 536, 555 (E.D. Pa. 2005) (considering claim of conversion and intentional/fraudulent representations brought against an attorney).

The Kirk Defendants separately contend that Lentz's opinions are admissible because they pertain to "complex legal issues" and would assist the trier of fact.  Be that as it may, regardless of the complexity of the legal issues upon which Lentz opines, it is settled that opinions which encroach upon the "district court's duty to explain the law to the jury" or opine on "legal duties that arose under the law" must be excluded.  *United States v. Leo*, 941 F.2d 181, 196 (3d Cir. 1991); *Berckeley Inv. Grp., Ltd.*, 455 F.3d at 217 (holding that "an expert witness is prohibited from rendering a legal opinion."); Fed. R. Evid. 704 advisory committee's note to 1972 Proposed Rules (stating that the Federal Rules of Evidence "stand ready to exclude opinions phrased in terms of inadequately explored legal criteria."); *United States v. Unruh*, 855 F.2d 1363, 1376 (9th Cir. 1987) ("We have condemned the practice of attempting to introduce law as evidence").